**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

**CASSANDRA POE,**

**Plaintiff;** **Case No.: ______________**

**vs.**

**THE LINCOLN NATIONAL LIFE**
**INSURANCE COMPANY**

**Defendant.**

---

## COMPLAINT

COMES NOW Plaintiff, Cassandra Poe, and sues Defendant The Lincoln National Life Insurance Company [hereinafter "**Lincoln**"]:

## JURISDICTION AND VENUE

1. Jurisdiction in this matter is based on 28 U.S.C. §1332 (federal–court "diversity jurisdiction"). Plaintiff is a resident and citizen of the State of Kentucky. Upon information and belief, Defendant is an entity formed and organized under the laws of, and with headquarters/principal place(s) of business in, State(s) other than Kentucky. Further, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2. Alternatively (or in addition), to the extent that this matter were governed by ERISA,[1] jurisdiction in this case is based on 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give

[1] *See*, Employee Retirement Income Security Act of 1974, as amended ("ERISA"); note that subsequent references to the ERISA statute and regulations are made based on Plaintiff's averment (albeit in the alternative) that the Plan is *not* a "church plan" exempt from ERISA.

District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this may consist of CommonSpirit Health's LTD (long-term disability) Plan and corresponding insurance policy (**GF3-890-LF0112-01**) [hereinafter the "**Plan**" and the "**Policy,**" respectively]; which was (and is) underwritten, administered and/or managed by Lincoln for the benefit of certain employees of CommonSpirit Health and/or its related or associated facilities/locations, divisions, subsidiaries, affiliates and/or other related entities [hereinafter collectively "**CommonSpirit**"].[2]

3. In addition, again to the extent that this matter were governed by ERISA, this action may be brought in this Court pursuant to 28 U.S.C. §1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

4. Plaintiff, of her own or through undersigned counsel, has exhausted all administrative and contractual remedies under the Policy (as well as ERISA, assuming it were to apply).[3] *See*, **Lincoln Claim No.: 14252937.**

5. Venue is proper in the Eastern District of Kentucky, pursuant to 28 U.S.C. §1391 and/or 29 U.S.C. §1132(e)(2).

**RELEVANT PARTIES**

6. At all times relevant hereto, Plaintiff was an employee of CommonSpirit, that being her employer; and as those two terms (employee, employer) are defined in 29 U.S.C. §§ 1002(5) and (6). Plaintiff worked as a Surgical Technologist (OR Tech); however, due to her established disability, she last worked in late December, 2022.

---

[2] Note that the Policy states, on its face, that the "*Governing Jurisdiction is Colorado and subject to the laws of that State.*"

[3] The ERISA statute, when applicable, provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials.

7. At all times relevant hereto, CommonSpirit Health was the Plan Sponsor and Plan Administrator for the Plan, as well as Sponsor/Policyholder/Contract Holder under the Policy; it was also “plan sponsor,” “administrator,” and/or a “fiduciary” for the Plan, as those terms are defined by 29 U.S.C. §§1002(16) and (21).

8. At all times relevant hereto, Defendant Lincoln was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan and under the Policy; alternatively, or in addition, Lincoln was an “administrator” and/or a “fiduciary” for the Plan, as those terms are defined by 29 U.S.C. §§1002(16) and (21). Here, it plainly appears and is therefore alleged that Lincoln has a financial conflict of interest, since it is both the ultimate decision-maker (claims administrator, claims-review fiduciary, and/or claims fiduciary) but also the payer/funding source for any benefits by virtue of the Policy.

9. At the times relevant hereto, Defendant Lincoln acted as agent for the Plan and for Plan Sponsor/Plan Administrator CommonSpirit Health.

10. Under the Plan and/or Policy, CommonSpirit Health delegated or assigned to Defendant Lincoln the claims–fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

11. At all times relevant hereto, the Plan constituted an “employee welfare benefit plan” as defined by 29 U.S.C. §1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and Policy, and thus would qualify as a “participant” as defined by 29 U.S.C. §1002(7).

12. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, disease, sickness, illness, and/or other covered medical condition as set forth under the Plan/Policy.

13. According to the Policy, for Ms. Poe's class of employee, "**Disabled"** and "**Disability**" mean as follows:

> i. if the Covered Person is eligible for the 24 Month Own Occupation benefit, **"Disability"** or **"Disabled"** means that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and
>
> ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

15. Plaintiff is 61 years old, and her date of birth is in October, 1964. She resides in Annville, Kentucky.

16. She was employed by CommonSpirit for approximately 12 years: as stated, when she last worked, she was a Surgical Technologist (OR Tech).

17. However, due to her established medical disability, Plaintiff's last day of work was in late December, 2022.

18. The medical conditions that form the basis for Plaintiff's disability are multi-factorial and include, without limitation: sacroiliac joint dysfunction/sacroiliac joint fusion with complications, nonunion distal fibula fracture, lumbar degeneration, costochondral dysfunction, rheumatoid arthritis, degenerative osteoarthritis, bilateral knee osteoarthritis – those spinal and orthopedic conditions compounded by chronic pain; moreover, third-stage kidney disease (more recent), depression with anxiety, PTSD, anhedonia, psychomotor agitation, and fatigue.

19. After she could no longer perform her work for CommonSpirit, upon information and belief, Plaintiff received short-term disability benefits (STD) through CommonSpirit for

approximately 6 months.

20. Further, her medical condition having not improved, and based on her employment by CommonSpirit, Plaintiff was eligible and applied for LTD benefits, this through Lincoln; all told, LTD benefits were paid from approximately June 26, 2023 through June 25, 2025.[4] This span of LTD benefits was based on the requisite showing of disability under the Policy in the own/regular occupation ("Own Occupation") context.

21. However, Defendant Lincoln denied any further LTD benefits; *i.e*., benefits June 25, 2025. *See*, letter dated May 20, 2025.

22. Despite due appeal(s) by or on behalf of Plaintiff, Defendant Lincoln has continued to deny LTD benefits. The final denial/termination letter here at issue was dated November 21, 2025.

23. Any and all applicable insurance–policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

24. Plaintiff has filed or caused to be filed notice(s) or proof(s) of claim or loss that were condition(s) precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

25. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, her claim was and has continued to be amply supported by her treating medical providers, who have confirmed her continuing inability to work.

[4] For context, after initially being approved for LTD benefits under the Own Occupation definition, Plaintiff's benefits were terminated as of 6/24/2024; however, LTD benefits were reinstated after a successful administrative appeal (by undersigned counsel), and benefits then continued through 6/25/2025.

26. Also, Ms. Poe has been found to qualify for Social Security disability (SSD) benefits by the Social Security Administration (*see*, SSA Notice of Award dated August 10, 2024, with onset date of June 1, 2023). This independent, freestanding determination by the federal government is part of the Administrative Record here, and it is persuasive evidence of disability in this case.

27. The position taken by Defendant Lincoln in denying this claim, viewed against the entire record as properly constituted, cannot withstand judicial scrutiny. The "Any Occupation" review, analysis and decision by Lincoln was unreasonable and wrong, as well as arbitrary and capricious, under the circumstances presented.[5]

28. Further, assuming that ERISA were to apply, the termination of LTD benefits is due to be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. §1133(2); 29 C.F.R. §2560.503-1.

29. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, she is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same.

30. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the causes of action set forth below.

[5] Assuming that ERISA were to apply in this case, Plaintiff respectfully reserves all points and arguments regarding the proper standard of review herein pursuant to *Firestone v. Bruch*, 489 U.S. 101, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989) and its progeny. Having said that, it appears that the Policy at issue lacks (sufficient) discretionary language (*i.e.*, language reserving to Defendant the discretion to determine coverage/eligibility for LTD benefits); in which case, under ERISA at least, the standard of review would be *de novo*. Assuming, *arguendo*, that the Policy had sufficient discretionary language, that should be rendered void and unenforceable; and replace with the *de novo* standard; pursuant to Colo. Rev. Stat. §§10-3-1116 (2), (3) (2020).

## CAUSES OF ACTION

### COUNT I --- Contract/Other State-Law Claims (Bad-Faith)

31. Plaintiff realleges and reavers paragraphs 1 through 30 of the Complaint, incorporating them by reference herein as if specifically restated.

32. Upon information and belief, the Plan/Policy constitutes a "church plan" exempt from or otherwise not governed by ERISA by virtue of 29 U.S.C. §1003(b)(2); thus, Plaintiff makes claim for all permissible damages and relief based on breach of contract. This is based on the contract for LTD benefits between Defendant Lincoln and CommonSpirit Health (of which Plaintiff was an intended third–party beneficiary, *i.e.*, Plan/Policy beneficiary) and/or the contract for LTD benefits between Lincoln and certain CommonSpirit employees (including Plaintiff). Among other things, Defendant Lincoln has failed, and refuses as of today, to pay to Plaintiff under said contract(s) all of the LTD benefits to which she is entitled and upon which she relied on receiving. Defendant Lincoln has also breached any (implied) covenant/duty of good–faith and fair dealing that accompanied said contract(s).

33. In addition, since (as stated), upon information and belief, the Plan/Policy constitutes a "church plan" exempt from or otherwise not governed by ERISA by virtue of 29 U.S.C. §1003(b)(2), Plaintiff makes claim against Defendant Lincoln for all permissible damages and relief based on recognized Colorado and/or Kentucky law providing for causes of action based on bad faith failure to pay/settle an insurance claim, tortious breach of contract, or the like; whether based on the common law or governing statute (such statutory causes if and as applicable to the

facts of this case).[6]

**COUNT II --- Alternative ERISA/Statutory Claims**

34. Plaintiff realleges and reavers paragraphs 1 through 33 of the Complaint, incorporating them by reference herein as if specifically restated.

35. In the alternative, assuming that the Plan/Policy does not constitute a "church plan" that is exempt from ERISA, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits; and/or clarification/declaration/ enforcement of rights and benefits; brought pursuant to 29 U.S.C. §§ 1001, *et seq*., in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That, assuming that the Plan/Policy is exempt from or otherwise not governed by ERISA, the Court enter a money judgment in Plaintiff's favor and against Defendant based on the Colorado and/or Kentucky common–law (both contract and tort) and/or statutory causes of action alleged in ¶¶ 32-33 above; said money judgment to be in an amount sufficient to compensate Plaintiff fully for all actual, contract/contractual, compensatory, consequential, incidental, and/or

[6] For the referenced state-law statutory actions, *see*, *inter alia*, Colo. Rev. Stat. §§ 10-3-1115, 10-3-1116; Ky. Stat. Ann. §§ 367.110, *et seq*. (Kentucky Consumer Protection Act) (KCPA), §304.12-230 (Kentucky Unfair Claims Settlement Practices Act) (KUCSPA), §304.12-235, and §446.070.

extra–contractual damages, injuries, losses and expenses caused by or due to Defendant's wrongful conduct; as well as (if applicable) double damages (two times the covered benefit) pursuant to Colorado bad-faith statute(s);[7] all as allowable under prevailing/governing law and subject to the proof;

B. Alternatively, that the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and F. R. Civ. P. 57, via injunction pursuant to F. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which she was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[8] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

C. Further, alternatively, that the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and F. R. Civ. P. 57, via injunction pursuant to F. R. Civ. P. 65, via specific performance, or otherwise) that Defendant pay to Plaintiff all LTD benefits to which she is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy;

---

[7] *See*, Colo. Rev. Stat. §§ 10-3-1115, 10-3-1116.

[8] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

D. If applicable, that the Court award to Plaintiff her attorney's fees, court costs, litigation costs and costs/expenses of suit pursuant to the Colorado and/or Kentucky-based cause(s) of action alleged in ¶ 33 above;

E. If applicable, that the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. §1132(g);

F. That the Plaintiff be awarded any and all additional, different or other damages, expenses, costs, and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above, and appropriate and consistent with the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer-sponsored pension or retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[9] and post-judgment interest[10] on all amounts awarded or to be awarded;

G. That the Court order or declare via ERISA; via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57; via injunction pursuant to Fed. R. Civ. P. 65; via specific performance; or otherwise, that the Defendant or its designee render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits paid to-date and to be paid; in sufficient

[9] *See, Curtis v. Hartford Life & Accident Ins. Co*., 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest applicable in ERISA cases).

[10] *See*, 28 U.S.C. § 1961.

detail so that Plaintiff may ascertain that her benefits have been and are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid; and

H. Plaintiff reserves the right, if appropriate, pursuant to F. R. Civ. P. 15 or otherwise, to amend or supplement this lawsuit and the Prayer for Relief based on additional facts or circumstances not now reasonably apparent, or to be revealed by any discovery to be conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

**Respectfully Submitted,**

CODY ALLISON & ASSOCIATES, PLLC

/s/ K. Cody Allison
K. Cody Allison, KY Bar No. 97985
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com