**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON**

| | | |
|---|---|---|
| **CASSANDRA POE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO. 6:26cv00164-CHB-HAI** |
| **v.** | ) | |
| | ) | |
| **LINCOLN NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>JOINT REPORT OF PARTIES' RULE 26(f) PLANNING MEETING</u>**

1. Pursuant to the Court's Order of July 15, 2026, and Fed. R. Civ. P. 26(f), a meeting was held on August 5, 2026, and was attended by Samuel Payne on behalf of Plaintiff Cassandra Poe ("Plaintiff") and Iwana Rademaekers on behalf of Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant"), and the Parties discussed the nature and basis of their remaining claims and defenses, the possibility of settlement or resolution of this case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

2. The above-styled action is a claim by Plaintiff for recovery of disability benefits. Plaintiff and Defendant agree Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA").[1] As such, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. Accordingly, the parties request a scheduling order containing the deadlines suggested in Paragraph (b) below in lieu of the deadlines

[1] Plaintiff's agreement that this action is governed by ERISA is based on opposing counsel's investigation to-date indicating that Defendant is not to be treated as a "Church plan" exempt from ERISA; or has opted in to ERISA coverage (see, 29 U.S.C. §1003(b)(2),). If subsequent investigation by either party reveals that Defendant should be treated as an exempt Church plan, opposing counsel has indicated no objection to Plaintiff's moving to amend any scheduling order then in place.

requested in a standard schedule. Additionally, the parties assert that this case is excluded from the initial disclosure requirements of Rule 26(a)(1) on the basis that this is "an action for review on an administrative record." Fed. R. Civ. P. 26(a)(1)(E)(i). Nevertheless, Defendant has already served a copy of the Administrative Record ("AR") on Plaintiff, and the parties agree that service of the AR by Defendant on Plaintiff satisfies the requirements of service of any initial disclosures under Rule 26(a).

Should Plaintiff have any objection to the content of the AR, such written objection shall be served on Defendant on or before September 18, 2026. If not resolved then by mutual agreement, Plaintiff must file any objection(s); along with appropriate motion(s), if/as applicable; by October 16, 2026.

(a) Any otherwise discoverable electronically stored information generated as part of the claim process will be produced as part of the claim file, and disclosure or discovery of any other information in the nature of ESI can be handled in accordance with the Federal Rules of Civil Procedure. As this is an ERISA benefits case, Defendant believes no discovery beyond the Administrative Record is appropriate. Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. § 1132(a), and as such the Court's review is generally limited to a review of the information available to the claim decision-maker at the time the final benefit determination was made. Plaintiff contends that limited discovery may be permitted after an initial showing demonstrating the existence of conflict of interest/bias or violation of due process on the part of the decision-maker. Moreover, there is the possibility that the parties will disagree as to what constitutes the Administrative Record.

(b) As stated above, this is an ERISA benefits case and the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on

a stipulated record and briefing schedule. To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in a standard schedule:

1. November 25, 2026 - Deadline to Complete Discovery.
2. December 23, 2026 - Deadline to file Stipulated Administrative Record under seal (*see paragraph (c) immediately below).
3. February 17, 2027 - Deadline to file cross motions for judgment on the record (AR).
4. March 17, 2027 - Deadline to file response briefs.
5. March 31, 2027 - Deadline to file reply briefs.

(c) Since the AR is replete with Plaintiff's protected health information (PHI) and personally identifying information (PII), Defendant has agreed to file the AR under seal without necessity of a separate motion by referencing this provision permitting same; the Court having found that filing the AR under seal is warranted and narrowly-tailored to protect Plaintiff's PHI and PII. Further, Defendant will simultaneously provide a copy of the AR to Plaintiff's counsel that is filed under seal with the Court. Note: the December 23, 2026 deadline to file the stipulated AR provided in paragraph (b) above will be extended if any objection(s) by Plaintiff to the AR are still pending as of that date; the deadline will be extended to a date that is 14 days after entry of an Order resolving such objection(s).

(d) The parties will engage in good faith settlement discussions and intend to initiate such discussions. If it becomes necessary, the parties will engage in private mediation with a mutually agreeable third-party neutral.

(e) In the unlikely event that the parties do not resolve the case through settlement or cross motions for judgment on the record, and as jury trials are not available under ERISA, the

parties will request a bench trial and anticipate that it will take 8-12 hours to present the evidence in this case. The earliest date by which this case should reasonably be ready for trial after due consideration of such motions is July 19, 2027. However, the parties propose the deadlines in paragraph (b) above in lieu of the deadlines requested in a standard schedule.

(f) The Parties do not consent to the referral of this case to a Magistrate Judge for all further proceedings in this case, including trial, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and L.R. 73.1.Respectfully submitted this 19th day of August 2026.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**AND**

By: /s/ Samuel D. Payne *w/ permission*
K. Cody Allison, KY Bar No. 97985
Samuel D. Payne, TN Bar No, 019211
(Admitted *Pro Hac Vice*)
CODY ALLISON & ASSOCIATES, PLLC
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com

ATTORNEY FOR PLAINTIFF